IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAYWARD HARRIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2106-D |
| | § | |
| DALLAS POLICE DEPARTMENT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Hayward Harris against the Dallas Police Department. On August 23, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff partially answered the interrogatories on September 2, 2011. Although plaintiff was ordered to provide supplemental interrogatory answers by September 26, 2011, he has failed to do so. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In his *pro se* complaint and partial interrogatory answers, plaintiff alleges that he was falsely

arrested for public intoxication by an unknown Dallas police officer on July 6, 2011. (*See* Plf.

Compl. at 1). Plaintiff states that the officer pushed him to the ground for no reason and threatened

to "beat me senseless." (*Id.*; Mag. J. Interrog. #1). Although plaintiff was booked into a local jail,

it is not clear whether charges were ever brought against him and, if so, the disposition of those

charges. (*See* Mag. J. Interrog. #9-11). By this suit, plaintiff appears to seek monetary damages for

false arrest and injuries sustained as a result of the use of excessive force by the police officer. (*See*

Mag. J. Interrog. #1, 2, 6, 7, 8).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes

that the action:

> (i)    is frivolous or malicious;
>
> (ii)   fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from
>        such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

## B.

Plaintiff has failed to state a claim against the Dallas Police Department -- the only defendant identified in his complaint and interrogatory answers.[1] "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Because plaintiff fails to allege or otherwise demonstrate that the Dallas Police Department is a separate legal entity having jural authority, his claims against this defendant must be dismissed. *See Beck v. Dallas Police Dept.*, No. 3-10-CV-2392-K-BD, 2010 WL 5565068 at *2 (N.D. Tex. Dec. 23, 2010), *rec. adopted*, 2011 WL 94547 (N.D. Tex. Jan. 7, 2011), *appeal dism'd*, No. 11-10110 (5th Cir. Apr. 13, 2011). (recognizing that Dallas Police Department is not a proper defendant with jural existence); *Youl Suh v. Dallas Police Dept.*, No. 3-06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. Apr. 30, 2008) (same).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His motion for appointment of counsel [Doc. #5] should be denied.

---

[1] The court gave plaintiff two opportunities to identify the police officer or officers who arrested him and allegedly pushed him to the ground. (*See* Mag. J. Interrog. #4-5). When plaintiff failed to provide this information in his interrogatory answers, the court resent the interrogatories and ordered plaintiff to "identify the individual or individuals who violated his civil rights, and . . . provide[ ] specific facts indicating how his rights were violated." (*See* Order, 9/6/11). Plaintiff has failed to comply with that order.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 6, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE